IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAVE PIERRE,                              :
      Petitioner                      :
                                      :
    v.                                  :   CIVIL NO. 1:11-CV-2184
                                      :
MARY SABOL,                               :
      Respondent                      :

*M E M O R A N D U M*

I.  *Introduction*

On November 23, 2011, Petitioner, Dave Pierre, an ICE detainee at the York County Prison, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his continued detention while he contests his removal from the United States.  Petitioner is a citizen and native of Antigua and Barbuda.  He entered the United States in 1972 and became a legal permanent resident, but was removed to Antigua in October 1993 after certain criminal offenses.  He illegally entered the country again in 1994.

Petitioner has been in ICE custody since September 7, 2010, a period of about twenty months at the date of this writing.  Petitioner believes that the length of his detention has been unreasonable and in his habeas petition requests release from detention.

The magistrate judge has filed a report and recommendation, recommending that the petition be denied.  We are considering Petitioner's objections to the report.  After review of the objections and the issues involved, we will not release

Petitioner but will require ICE to provide him with a bond hearing before an immigration judge.  At the hearing, the government will have the burden of showing that Petitioner is a flight risk or a danger to the community.

II.  *Background*

>  We take some of this background from the magistrate judge's report. Petitioner first arrived in the United States in 1972 through St. Croix of the U.S. Virgin Islands.  *Pierre v. Sabol*, No. 10-CV-2634 (M.D. Pa.) (Doc. 1, Pet., p. 2).[1]  On August 19, 1985, Petitioner was convicted in Municipal Court in Highland Park, New Jersey, of making a false statement, and he was ordered to pay a fine.  (Doc. 9, Ex. 1, No. 10-2634).  On July 17, 1991, Petitioner was convicted in the New Jersey Superior Court in Middlesex County of cocaine possession, and he was sentenced to three years of imprisonment.  (*Id*.)  As a result, Petitioner was placed in removal proceedings, (Doc. 9, Ex. 2, No. 10-CV-2634), and was removed to Antigua in October 1993 under an August 6, 1993, order of removal.

>  Petitioner admits that he illegally re-entered the United States in August 1994.  (No. 11-CV-2184, Doc. 1, p. 3; No. 10-CV-2634, Doc. 1, p. 3).  On June 25, 1996, Petitioner was convicted of the manufacture and distribution of a controlled substance in New Jersey Superior Court. (No. 10-CV-2634, Doc. 9, Ex. 1).  He was sentenced to five years of imprisonment.  (*Id*.)  On December 20, 1996, Petitioner was again convicted of

---

[1]  Petitioner had filed a previous section 2241 petition, and some information is taken from that case.

the manufacture and distribution of a controlled substance and sentenced to three years of imprisonment.  (*Id*.)  On June 22, 2004, Petitioner was convicted of hindering apprehension in the Municipal Court of New Brunswick, New Jersey, and ordered to pay a fine.  (*Id*.; No. 11-CV-2184, Doc. 11, Exs. C & D).

On March 30, 2009, ICE officials issued Petitioner a Notice of Intent/Decision to Reinstate Prior Order.  This document reinstated the August 6, 1993, removal order, when at the bottom of the notice Petitioner checkmarked a waiver of his right to contest the reinstatement.  (No. 10-CV-2634, Doc. 9-1, Ex. 7, CM/ECF p. 17).  The notice informed Petitioner that pursuant to 8 U.S.C. § 1231(a)(5), INA § 241(a)(5), he was "removable as an alien who has illegally reentered the United States after having been previously removed . . . while under an order of exclusion, deportation, or removal and are therefore subject to removal by reinstatement of the prior order."  (*Id.*)

On May 21, 2009, Petitioner was indicted in the United States District Court for the District of New Jersey for illegal re-entry into the United States in violation of 8 U.S.C. §§ 1326(a) and (b)(2).  (No. 10-CV-2634, Doc. 9, Ex. 8).  Petitioner pled guilty and was sentenced to eighteen months of imprisonment.  (No. 10-CV-2634, Doc. 9, Ex. 9).  On June 25, 2010, ICE recommended that removal of Petitioner proceed pursuant to section 1231(a)(5), upon his release from his eighteen-month prison sentence.  (No. 10-CV-2634, Doc. 9, Ex. 10, CM/ECF p. 28).

On September 7, 2010, Petitioner was taken into ICE custody.  (No. 10-CV-2634, Doc. 9, Ex. 11 at ¶ 3; No. 11-CV-2184, Doc. 15, Ex. A).  On September 24, 2010,

he requested relief from removal based on a claim that he feared persecution and torture in Antigua upon his return. (No. 10-CV-2634, Doc. 9, Ex. 11 ¶ 4). Petitioner was interviewed on October 1, 2010, by an asylum officer regarding his claim. (No. 10-CV-2634, Doc. 9, Ex. 1). The asylum officer concluded that Petitioner failed to establish his fear of persecution and torture in Antigua was reasonable. (*Id*.)

On January 3, 2011, Petitioner appealed the asylum officer's determination to an Immigration Judge ("IJ"), and the asylum officer referred the decision to the IJ. (No. 10-CV-2634 Doc. 9, Exs. 12 and 13). On January 10, 2011, the IJ vacated the decision of the asylum officer and put Petitioner in withholding proceedings. (No. 10-CV-2634, Doc. 9, Ex. 14).[2]

On May 31, 2011, the IJ issued an order in Petitioner's immigration case denying Petitioner's request for withholding of removal under the Convention Against Torture ("CAT"). The IJ thought that Petitioner had no right to appeal this decision. (No. 10-CV-2634, Doc. 16-1, CM/ECF p. 11). On Petitioner's appeal, on August 30, 2011, the Board of Immigration Appeals (BIA) reversed the IJ's May 31, 2011, order. The BIA stated that the IJ was wrong in believing that there could be no appeal from his order. The IJ had placed Petitioner in "withholding only" proceedings under 8 C.F.R. § 208.31(g)(2), and a ruling in those proceedings was appealable. (No. 11-CV-2184, Doc. 1, CM/ECF p. 11). The BIA remanded Petitioner's case so that the IJ could set forth his

---

[2] The IJ did so even though he did not believe Petitioner had a valid claim for withholding. The IJ thought this would give Petitioner time to prove another claim, that he had derivative citizenship from his mother, even though this was not a reason for continuing the removal proceedings. (No. 10-CV-2634, Doc. 16-1, CM/ECF p. 10).

factual findings and analysis, which would allow the BIA to conduct proper appellate review.  The BIA also allowed the parties to present additional evidence.  (*Id.*, CM/ECF pp. 11-12).

A hearing was scheduled before the IJ in the withholding proceedings for January 11, 2012.  (No. 11-CV-2184, Doc. 11, Ex. A).  The present record does not indicate if that hearing was held.  In his reply, Petitioner stated his next immigration court date was March 15, 2012.  In her response to Petitioner's objections to the magistrate judge's report, Respondent asserts that immigration records indicate that no hearing was held on March 15 because it "was continued on Petitioner's motion and over ICE's objection."  (No. 11-CV-2184, Doc. 18, CM/ECF p. 2 n.1).

On December 7, 2010, ninety days after Petitioner had been taken into ICE custody, ICE advised Petitioner that he would remain in ICE custody as he was subject to mandatory detention under 8 U.S.C. § 1226(c), INA § 236(c).  (No. 10-CV-2634, Doc. 9, Ex. 1, "Decision to Continue Detention").  This Decision was based on a file review "and/or a personal interview," and stated that "ICE expects the Headquarters Asylum Office to issue a decision in your case in the near future."  (*Id.*)

Petitioner has had three subsequent reviews in response to his request for parole, on April 4, 2011, May 4, 2011, and November 17, 2011.  (No. 11-CV-2184, Doc. 11-2, 11-3, and 11-4, Exs. B, C, and D).  All are file reviews and, in pertinent part, all say the following: (1) Petitioner is currently in withholding proceedings; (2) Petitioner is subject to a final order of removal by virtue of the reinstated order of removal of August

6, 1993, so Petitioner is not eligible for a bond; (3) Petitioner's crimes qualify as

aggravated felonies so detention is mandatory under 8 U.S.C. § 1226(c), INA § 236(c);

and (4) ICE sympathized with Petitioner's family concerns, but they did not outweigh the

risk of releasing Petitioner on parole.

   ICE reviewed Petitioner a fourth time, based on a file "and/or personal

interview."  On February 17, 2012, it again refused to release him, stating, in pertinent

part:

>  You have been in ICE custody since September 7, 2010,
> pursuant to 8 C.F.R. § 241.8(f), as an alien with a reinstated
> order of deportation.  That order became final for custody
> purposes on March 30, 2009, but your 90-day removal period
> did not begin until September 7, 2010, when you came into
> ICE custody.  *See* INA § 241(a)(1)(B)(iii).  That period expired
> on or about December 6, 2010, and during that time your
> detention was mandatory.  *See* INA § 241(a)(1); 8 C.F.R. §
> 241.3.  Because you have expressed a fear of return,
> however, you are now before the Immigration Court in
> withholding-only proceedings, and your next court date is
> scheduled for March 15, 2012.  Until those proceedings are
> concluded, DHS [Department of Homeland Security] cannot
> remove you from the United States.  *See* INA § 241(b)(3); 8
> C.F.R. § 241.8(e).  DHS has the authority, however, to
> continue your detention in the interim, subject to periodic
> review governed by section 241(a)(6) and 8 C.F.R. § 241.4.
> The former permits DHS to detain you beyond the removal
> period if you are determined to be a risk to the community or
> unlikely to comply with the order of removal.  In your case,
> ICE considers you to be a risk to the community.

(No. 11-CV-2184, Doc. 15, Ex. A, Decision to Continue Detention, CM/ECF p. 5).

Petitioner denies that he had a personal interview.  (No. 11-CV- 2184, Doc. 15, CM/ECF

p. 2).

III.   *Discussion*

        The magistrate judge has recommended that the petition be dismissed.  In doing so, he accepted Respondent's position, which is as follows: Petitioner is subject to a final order of removal.  As an alien subject to a final order of removal, Petitioner is being detained under 8 U.S.C. § 1231(a), INA § 241(a).  However, since Petitioner is contesting his removal in withholding proceedings, ICE cannot remove him until those proceedings are over.  Since ICE cannot remove Petitioner because of the proceedings he initiated, under 8 U.S.C. § 1231(a)(1)(C), INA § 241(a)(C), the time he spends in detention is not counted as part of the "removal period" under 8 U.S.C. § 1231(a), INA § 241(a).  Further, Petitioner cannot meet his burden of showing there is no significant likelihood of his removal in the reasonably foreseeable future as required by *Zadvydas v. Davis*, 533 U.S. 678, 701, 121 S.Ct. 2491, 2505, 150 L.Ed.2d 653 (2001).  If the removal order stands after the withholding proceedings are over, ICE will be able to remove him to Antigua and Barbuda as the United States has successfully returned that nation's citizens in the past.

        We disagree with Respondent and the magistrate judge that Petitioner's detention is governed by section 1231(a).  Petitioner's detention is instead governed by section 1226(a), INA § 236(a).  In reaching this conclusion we have the benefit of *Leslie v. Attorney General*, ___ F.3d ___, 2012 WL 898614 (3d Cir. 2012), which was decided after the magistrate judge filed his report.

As *Leslie* observed, ICE can detain an alien under two different statutory sections, section 1226, INA § 236, or section 1231, INA § 241.  *Id.* at ___, 2012 WL 898614, at *2.  Section 1226 governs detention while removal proceedings are ongoing.  Section 1226(a) provides for discretionary detention.  The "alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States."  § 1226(a).  ICE may also release him on bond.  § 1226(a)((1) and (2).

Section 1231 governs detention after removal has become certain.  *Leslie*, __ F.3d at ___, 2012 WL 898614, at * 4 ("the purpose of § 1231 detention is to secure an alien pending the alien's certain removal").  Specifically, section 1231 governs detention after the start of the "removal period," defined in the section as potentially starting on three different dates, but for our purposes starting on the "date the order of removal becomes administratively final."  8 U.S.C. § 1231(a)(1)(B)(i).

Based on the foregoing, Petitioner's detention is governed by section 1226(a), not section 1231(a).[3]  Petitioner still has an application for withholding of removal pending before the IJ, which means a decision has not yet been made on

---

[3]  There is a third statutory basis for detention, section 1226(c), which requires mandatory detention of aliens who have committed aggravated felonies.  Before the February 17, 2012, detention decision, this was one basis ICE relied on for detaining Petitioner.  After his illegal reentry, Petitioner did commit crimes that qualified as aggravated felonies.  However, Petitioner was not charged with removal on this basis.  Instead, he was charged with being removable on the basis of having reentered the country after having been previously removed under an order of removal and thus was subject to removal by reinstatement of the prior order.  In these circumstances, we do not consider Petitioner subject to mandatory detention under section 1226(c).  Additionally, Respondent does not rely on  section 1226(c) in contesting the 2241 petition, arguing instead that detention is governed by section 1231, the removal-period detention section.

whether he will be removed from the United States.  It also means the reinstated order of

removal has not yet become administratively final because the IJ has yet to rule on his

application.[4]  It follows that Petitioner's "removal period," as defined in section 1231(a)

has not yet begun.  Thus the only basis for detention is section 1226(a).

Petitioner has been in ICE custody for about twenty months.  We conclude

this is a prolonged period of detention for a period of detention governed by section

1226(a), *see Gupta v. Sabol*, No. 11-CV-1081, 2011 WL 3897964, at *3 (M.D. Pa. Sept.

6, 2011) (detention under section 1226(c) approaching twenty months was prolonged

given the procedural history of the case), and which seems never to have been governed

by section 1226(c).  In these circumstances, he is entitled to a bond hearing before an IJ

where the government will have the burden of showing that Petitioner is a flight risk or a

danger to the community if it wants to continue his detention.  See *Casas-Castrillon v.

Dep't of Homeland Security*, 535 F.3d 942, 951 (9th Cir. 2008) (deciding that immigrant's

detention after remand from the court of appeals for further proceedings was under

section 1226(a) and that the section had to be construed to require that the immigrant

---

[4]  Respondent supports his assertion that Petitioner is not being detained under section 1226 on our September 27, 2011, memorandum denying Petitioner's motion under Fed. R. Civ. P. 60(b) for relief from our order denying his first 2241 petition.  Respondent is mistaken.  We merely noted there that the IJ had concluded that Petitioner was no longer in custody under section 1226(c).  *Pierre v. Sabol*, No. 10-CV-2634 (M.D. Pa. Sept. 27, 2011, p. 1).  In any event, the IJ said this as part of his May 31, 2001, order, which the BIA reversed on August 30, 2011.

have a bond hearing where the government has the burden of showing flight risk or danger to the community).[5]

We will issue an appropriate order.


/s/ William W. Caldwell
William W. Caldwell
United States District Judge


May 11, 2012

------

[5] We have reviewed the cases Respondent cites in support of her argument that ICE's periodic custody reviews of Petitioner's detention obviate the need for a bond hearing: *Jurado-Delgado v. Hogan*, No. 07-586, 2007 WL 1490717 (M.D. Pa. May 21, 2007) (Caldwell, J.); *Chen v. Chertoff*, No. 07-1557, 2007 WL 2112339 (D.N.J. July 19, 2007); *Akinsehinwa v. Donate*, No. 08-395, 2008 WL 2951072 (M.D. Pa. July 30, 2008); *Barnes v. United States Immigration & Customs Enforcement*, No. 05-1456, 2007 WL 1031551 (M.D. Pa. Mar. 29, 2007); and *Liang v. Bureau of Immigration & Customs Enforcement*, No. 04-1538, 2004 WL 1126276 (E.D. Pa. May 20, 2004).  These cases are distinguishable.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAVE PIERRE,                                    :
        Petitioner                     :
                                        :
     v.                                     :   CIVIL NO. 1:11-CV-2184
                                        :
MARY SABOL,                                     :
        Respondent                    :

*O R D E R*

AND NOW, this 11th day of May, 2012, it is ordered that the petition (Doc.

1) for writ of habeas corpus is granted as follows:

     1.  Within twenty-one (21) days of the date of this order, Respondent and ICE shall provide Petitioner with a bond hearing before an immigration judge where if the government wishes to detain Petitioner during the course of his removal proceedings, it shall have the burden of proving that Petitioner is a flight risk or a danger to the community.

     2.  The Clerk of Court shall close this file, but Petitioner may file a motion to reopen the case if the bond hearing is not held within twenty-one (21) days.

               /s/ William W. Caldwell
               William W. Caldwell
               United States District Judge