IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAVE PIERRE,  :
       Petitioner  :
         :
  v.  : CIVIL NO. 1:11-CV-2184
         :
MARY SABOL,  :
       Respondent  :

*M E M O R A N D U M*

This is a 28 U.S.C. § 2241 proceeding filed pro se by Dave Pierre, an ICE detainee, challenging his continued detention at the York County Prison. By order of May 11, 2012, we granted Petitioner habeas relief by way of requiring a hearing before an immigration judge (IJ) on his request that he be released pending resolution of his removal proceedings. *Pierre v. Sabol*, 2012 WL 1658293, at *5 (M.D. Pa.).

We are considering Petitioner's motion under Fed. R. Civ. P. 60(b)(6) for relief from our May 11 order. On May 17, 2012, the IJ held the hearing. The IJ decided that Petitioner was not a danger to the community but decided he was a flight risk and conditioned release on the posting of bail in the amount of $100,000. (Doc. 23-1, hearing transcript, ECF p. 8). Petitioner asserts that the bail amount is excessive and a strain on his family resources and was imposed simply because Petitioner obtained a court order requiring that he be granted a hearing on his request for release. Petitioner contends that it has now become "personal." Petitioner requests that we reopen the 2241 case and either order the IJ to reconsider the bail amount or release him from detention.

We cannot grant relief for the two reasons advanced by Respondent. First, Rule 60(b)(6) requires extraordinary circumstances. *Walsh v. Krantz*, 423 F. App'x 177, 180 (3d Cir. 2011) (per curiam) (nonprecedential) (citing *Martinez-McBean v. Gov't of the Virgin Islands*, 562 F.2d 908, 911 (3d Cir. 1977)).[1] There are no extraordinary circumstances here. Petitioner has gotten the relief we ordered, a hearing before an IJ. *See Leonardo v. Crawford*, 646 F.3d 1157, 1161 (9th Cir. 2011) (district court has authority to determine if there has been compliance with its earlier habeas order but acted properly in refusing to review the IJ's refusal to grant bond when the government complied with the habeas order by holding a hearing).

Second, Petitioner has failed to exhaust administrative remedies. Petitioner has the right to appeal the bond decision to the Board of Immigration Appeals (BIA) and, in fact, acknowledged that he has done so. We cannot consider his request for relief until he has exhausted his administrative remedies. *See Okonkwo v.*

---

[1] Federal Rule Civil Procedure 60(b) allows a party relief from a final judgment or order based on:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated, or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b).

Subsection (6), the section Petitioner invokes here, is the catchall provision.

*Immigration & Naturalization Serv.*, 69 F. App'x 57, 59 (3d Cir. 2003) (nonprecedential) (alien must first exhaust administrative remedies dealing with parole before filing a habeas petition seeking release from custody); *Leonardo*, *supra*, 646 F.3d at 1160-61 (alien failed to exhaust administrative remedies when he did not appeal the IJ's bond determination to the BIA before seeking habeas relief in district court); *Nepomuceno v. Holder*, No. 11-6825, 2012 WL 715266, at *3 (D.N.J. Mar. 5, 2012) (court would not consider 2241 petition challenging ICE custody when the petitioner failed to show that he had exhausted his administrative remedies by appealing the IJ's bond decisions to the BIA) (citing *Leonardo*); *Bautista v. Sabol*, No. 11-1611, 2011 WL 5040894, at *4 (M.D. Pa. Oct. 24, 2011) (2241 petition would not be entertained when the petitioner had not sought the available administrative remedy of parole); *Berge v. Bureau of Immigration & Customs Enforcement's Interim Field Office Director*, No. 06-581, 2006 WL 1896184, at *1 (M.D. Pa. July 7, 2006) (2241 petition challenging continued detention dismissed for failure to exhaust when the petitioner failed to appeal to the BIA).

      We will therefore deny the Rule 60(b)(6) motion.  We advise Petitioner that if he does not obtain relief in his appeal to the BIA, he may then file another 2241 petition seeking review of the BIA decision.  We will issue an appropriate order.

        /s/ William W. Caldwell
        William W. Caldwell
        United States District Judge

Date: July 17, 2012

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAVE PIERRE, :
        Petitioner :
         :
v. : CIVIL NO. 1:11-CV-2184
         :
MARY SABOL, :
        Respondent :

*O R D E R*

AND NOW, this 17th day of July, 2012, upon consideration of Petitioner's motion (Doc. 22) under Fed. R. Civ. P. 60(b)(6) for relief from judgment, it is ORDERED that the motion is DENIED.

        /s/ William W. Caldwell
        William W. Caldwell
        United States District Judge